IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSIE WATSON,

        Plaintiff,                    No. CIV S-06-2672 MCE EFB P

    vs.

MARTIN VEAL, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

        Plaintiff is a prisoner without counsel prosecuting this civil rights action *in forma pauperis*. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        On January 3, 2007, the court dismissed plaintiff's complaint with leave to amend. On March 13, 2007, plaintiff filed a first amended complaint.

        The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the following reasons, finds that it, too, fails to state a claim for relief.

        Plaintiff alleges that Nurses Boncarros and Awa each recommended that plaintiff's "dry weight"[1] be increased from 72 kg to 75 kg, and that Dr. Al-Bander ordered this increase without personally examining plaintiff. Plaintiff's allegations are difficult to discern. He alleges that

---

[1] Nowhere is this term explained.

defendant Martin Veal, as a supervisor, should have understood the implications[2] of this decision and intervened on plaintiff's behalf.  Plaintiff alleges that he developed a build-up of fluid that caused him to cough hard enough to fracture a rib and that he suffered heart damage such that he is not a good candidate for a kidney transplant.[3]  At most, plaintiff alleges a tort claim of malpractice but not a section 1983 claim for deprivation of his rights under the Eighth Amendment due to cruel and unusual punishment.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  To state a claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)."  *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).  Neither negligence on the part of defendants nor plaintiff's general disagreement with the treatment he received suffices to state a claim.  *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

A supervisor is liable for constitutional violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them, *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989), or if he implemented a policy so deficient that the

---

[2] Plaintiff does not explain the implications.

[3] Again, plaintiff does not explain the significance of his allegations.  It is possible that a strong heart is necessary to withstand anesthesia, but in the absence of an allegation to this effect, the court (and defendants) are left to speculate about what plaintiff's claim is.

policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989).

Plaintiff's allegations do not satisfy these standards.

Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 2, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE