IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSIE WATSON,

    Plaintiff,                 No. CIV S-06-2672 MCE EFB P

    vs.

MARTIN VEAL, et al.,

    Defendants.          ORDER

_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On April 8, 2009, defendants filed a motion to dismiss. *See* Fed. R. Civ. P. 12(b). Plaintiff has not filed an opposition or a statement of no opposition to the motion.

    In cases in which one party is incarcerated and proceeding without counsel, motions ordinarily are submitted on the record without oral argument. Local Rule 78-230(m). "Opposition, if any, to the granting of the motion shall be served and filed with the Clerk by the responding party not more than eighteen (18) days, plus three (3) days for mailing or electronic service, after the date of service of the motion." *Id*. A responding party's failure "to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *Id*. Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition

1

of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 11-110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1252 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed);

On January 26, 2009, the court informed plaintiff of the requirements for filing an opposition to motions, that failure to oppose such a motion may be deemed a waiver of opposition to the motion and that failure to comply with the Local Rules may result in a recommendation of dismissal.

Accordingly, it is hereby ORDERED that, within 20 days of the date of this order, plaintiff shall file either an opposition to the motion to dismiss or a statement of no opposition. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: May 26, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE