IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE WATSON,

     Plaintiff,                    No. CIV S-06-2672 MCE EFB P

    vs.

MARTIN VEAL, et al.,             FINDINGS AND RECOMMENDATIONS

     Defendants.

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. His March 13, 2007 amended complaint alleges that defendants violated his Eighth Amendment rights. The matter is now before the court on defendants' April 8, 2009 motion to dismiss on the grounds that plaintiff failed to exhaust available administrative remedies and that the action is untimely.

**I.    Alleged Facts**

     Plaintiff alleges that defendant Nurse Boncaros recommended on August 1, 2003, that his dry weight be raised from 72 kg to 75 kg and so informed defendant Nurse Awa. Am. Compl. at 4. Nurse Awa then informed defendant Dr. Al Bander that plaintiff's weight needed to be raised from 72 kg to 75 kg. *Id.* Dr. Al Bander authorized Nurses Boncaros and Awa to raise plaintiff's dry weight but did not examine plaintiff. *Id.* at 5. The increase in plaintiff's dry weight caused

"fluid overload which damaged [his] heart," put "pressure on [his] ribs," and caused coughing which fractured his ribs. *Id.* at 4-5. The damage to his heart disqualified him from eligibility for a kidney transplant. *Id.* at 5. According to plaintiff, "[e]ach Defendant acted with malice and with ill care." *Id.* Plaintiff claims that the actions of the defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution. *Id.* at 3.

## II.     Failure to Exhaust

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citation omitted)). A prisoner seeking leave to proceed in forma pauperis in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198.

### A. Motion to Dismiss for Failure to Exhaust

Section 1997e(a) does not require a plaintiff to plead exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Rather, "§ 1997e(a) creates a defense – defendants have the burden of raising and proving the absence of exhaustion." *Id.*; *see also Jones v. Bock*, 549 U.S. 199, 216 (holding that failure to exhaust under the PLRA is an affirmative defense). Because the defense of failure to exhaust "is not on the merits" and summary judgment "is on the merits," the

defense should be treated as a matter in abatement to be resolved pursuant to a motion made under "unenumerated Rule 12(b)." *Wyatt,* 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20.

In *Jones v. Bock*, the United States Supreme Court stated where failure to exhaust may be decided on the pleadings alone, a motion under Rule 12(b)(6) is appropriate. 549 U.S. at 215. The Court analogized to a motion to dismiss based on a statute limitations defense and stated:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Id.*

But, even when not addressed to the merits, those affirmative defenses that require the presentation of evidence outside the pleadings (which often includes the defense of failure to exhaust as required by 42 U.S.C. § 1997e(a)) must be addressed under standards that apply the procedural safeguards of Rule 56, so that disputed material factual issues and the credibility of conflicting witnesses are resolved through live testimony and not on paper. Fed. R. Civ. P. 12(d) (where a party presents affidavits or other matters outside the pleadings in support of its motion, the court must treat the motion "as one for summary judgment under Rule 56") & 56(b); *Panero v. City of North Las Vegas*, 432 F.3d 949, 952 (9th Cir. 2005). The Court in *Jones* made clear that, "beyond the departures specified by the PLRA itself," nothing in the PLRA suggests that usual procedural practices should not be followed and noted that departures from the usual procedural requirements are to be expressly made by Congress. *Jones*, 549 U.S. at 212, 214-16. Additionally, the Ninth Circuit recognized in *Wyatt* that when the district court looks beyond the pleadings to a factual record, which commonly occurs in deciding an exhaustion motion, the

court must do so under "a procedure closely analogous to summary judgment." *Wyatt*, 315 F.3d at 1119, n.14.

Thus, whether a motion asserting an affirmative defense such as failure to exhaust may be raised under Rule 12 or Rule 56 is not governed by whether the defense asserted in the motion goes to the "merits" of the claim. Whether judgment is sought on the merits or whether the motion seeks to bar consideration of the merits based on a technical ground that precludes reaching the merits (i.e., exhaustion, claim or issue preclusion, a statute of limitations, etc.), the determining factor is whether the factual predicate for the motion is based on the text of the pleading or instead depends upon evidence submitted with the motion. *See Jones*, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.").

Here, defendants' motion requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Notwithstanding the analysis above, the court recognizes that under *Wyatt* the instant motion is to be presented as an "unenumerated" Rule 12(b) motion to dismiss. However, the court analyzes the motion, as *Wyatt* suggests, under a standard "closely analogous to summary judgment." 315 F.3d at 119, n.15. If, under that standard, the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.* at 1119-20.

**B. Summary Judgment Standards**

Under Rule 56, dismissal is appropriate for failure to exhaust where the materials submitted demonstrate that there is "no genuine issue as to any material fact" regarding the plaintiff's failure to exhaust. Fed. R. Civ. P. 56(c). The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory

4

committee's note on 1963 amendments).  Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir.1995).

For the opposing party to establish a genuine issue of fact the factual dispute must meet two requirements.  First, the dispute must be over a fact that is material, i.e. one that makes a difference in the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is determined by the substantive law, which here involves the question of whether plaintiff has met the exhaustion requirement.  *Id.* ("As to materiality, the substantive law will identify which facts are material.")

Second, the dispute must be genuine.  In this regard, the court must focus on which party bears the burden of proof on the factual dispute in question.  Where the opposing party bears the burden of proof on the issue in dispute, conclusory allegations, unsupported by factual material, are insufficient to defeat the motion.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to demonstrate a genuine factual dispute the record relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 248, 252.  If the evidence presented could not support a judgment in that party's favor, there is no genuine issue.

*Id.*; *Celotex Corp. v. Catrett*, 477 U.S. at 323.

Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that affects the outcome of the case.

On January 26, 2009, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies as well as a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**C. Exhaustion Under California Law**

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

To initiate the process, an inmate must fill out a simple form, Department of Corrections, Inmate/Parolee Appeal Form, CDC 602 (12/87) ("Form 602"), that is made "readily available to all inmates." Cal. Code Regs. tit. 15, § 3084.1(c) (2004). The inmate must fill out two parts of the form: part A, which is labeled "Describe Problem," and part B, which is labeled "Action Requested." Then, as explained on Form 602 itself, the prisoner "must first informally seek relief through discussion with the appropriate staff member." The staff member fills in part C of Form 602 under the heading "Staff Response" and then returns the form to the inmate.

If the prisoner is dissatisfied with the result of the informal review, or if informal review is waived by the State, the inmate may pursue a three-step review process. *See* Cal. Code Regs. tit. 15, §§ 3084.5(b)-(d). Although California labels this three-step process "formal" review (apparently to distinguish this process from the prior step), the three-step process is relatively simple. At the first level, the prisoner must fill in part D of Form 602, which states: "If you are dissatisfied, explain below." The inmate then must submit the form, together with a few other documents, to the Appeals Coordinator within 15 working days-three weeks-of the action taken.

6

*Id.*, § 3084.6(c). The Appeals Coordinator may bypass the first level in certain circumstances. *Id.*, § 3084.5(b). Within 15 work-days after an inmate submits an appeal, the reviewer must inform the inmate of the outcome by completing part E of Form 602 and returning the form to the inmate.

If the prisoner receives an adverse determination at this first level, or if this level is bypassed, the inmate may proceed to the second level of review conducted by the warden. *Id.*, §§ 3084.5(c), (e)(1). The inmate does this by filling in part F of Form 602 and submitting the form within fifteen working days of the prior decision. Within ten working days thereafter, the reviewer provides a decision on a letter that is attached to the form. If the prisoner's claim is again denied or the prisoner otherwise is dissatisfied with the result, the prisoner must explain the basis for his or her dissatisfaction on part H of the form and mail the form to the Director of the California Department of Corrections and Rehabilitation within 15 working days. *Id.*, § 3084.5(e)(2).

Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. Cal. Code Regs. tit. 15, § 3084.1(a). All steps must be completed before a civil rights action is filed, unless the plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal. *McKinney*, 311 F.3d at 1200. The claim must be properly exhausted; therefore, an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the exhaustion requirement. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).

**D. Application to Plaintiff's Case**

Defendants contend that plaintiff did not exhaust his administrative remedies, and therefore, his claim should be dismissed as unexhausted. Plaintiff alleges that he has completed the prison grievance process concerning the facts alleged in the complaint. Compl. at 2; Pl.'s Mot. to Oppose ("Pl.'s Opp'n"), at 1-2. Defendants have submitted two declarations in support of their contention that plaintiff failed to exhaust. First, N. Grannis, the Chief of the Inmate

7

Appeals Branch ("IAB"), declares that the final level of inmate review is completed by the IAB. Defs.' Mot. to Dism., Attach. 1, Decl. of N. Grannis at 3, ¶ 7. All appeals to the Director's Level prior to August 2008 were accepted or screened out by IAB. *Id.* ¶ 8. Since 2000, IAB has logged appeals upon receipt into a computer database and also tracked all screened out appeals. *Id.* ¶ 9. According to Grannis,

> I have searched the IAB records for appeals accepted from inmate JESSIE WATSON (D-50154) between August 2003 [the month of the alleged injury] and November 22, 2006, the date he filed his complaint in this action. My search revealed that there were no appeals accepted at the Director's Level (Third Level) pertaining to an August 1, 2003 incident at California Medical Facility in Vacaville, California, involving Delia Boncaros, R.N., Dr. Al-Bander, Ms. Awa, R.N. or Warden (Acting) Martin Veal, in which plaintiff claims that Nurse Boncaros recommended his dry weight be raised from 72 kg to 75 kg, which led to a fluid overload that damaged his heart, caused him to cough so hard he fractured his ribs, and it was determined that he was no longer a candidate for a kidney transplant.

*Id.* ¶ 11. W.J. Sinkovich, an Appeals Coordinator at the California Medical Facility in Vacaville ("CMF"), declares that he or she maintains records of all logged appeals filed by inmates housed at CMF, including a database of appeals that have been screened out for failure to follow proper procedures. Defs.' Mot. to Dism., Attach. 2, Decl. of W.J. Sinkovich at 1, ¶ 2. Sinkovich also searched the records for an appeal filed by plaintiff between August 1, 2003 and November 22, 2006 regarding the dry weight claim raised in this action and found no such appeal. *Id.* at 2, ¶ 4. Sinkovich did locate a First Level Appeal, Log # CMF-M-03-01843 ("Appeal 1843"), relating "to an incident that occurred on October 9, 2003, in which [plaintiff] claimed that Dr. Al-Bander ordered an extra dialysis treatment day, and was trying to kill him by telling him to kill himself, and the dialysis staff had gotten him where his abdomen has nothing in it but waste and worms." *Id.* ¶ 6. Defendants Boncaros, Awa and Veal were not named in Appeal 1843. *Id.*

In response, plaintiff has submitted a Form 602 dated September 8, 2006. Pl.'s Opp'n, Ex. 2 at 1. On that form, in the section entitled "Describe Problem," plaintiff alleged that his Eighth Amendment rights had been violated by deliberate indifference to his serious medical needs. *Id.* He did not include any facts which formed the basis of that claim. *Id.* However, in a

handwritten document apparently included with the appeal entitled "602 Complaint," plaintiff states that Dr. Al-Bander "failed to remove petitioners body fluids while he was treating the petitioner for being over fluided [sic] as a dialysis patient" and "kept increasing the dry-weight causing a build-up of body fluids in the petitioner's body causing a tremendous strain on the petitioner's heart . . . [and] caus[ing] the petitioner to fracture his sixth and seventh rib as well as lung infection." *Id.*, Ex. 2 at 5. This document makes no mention of Nurses Boncaros or Awa or Warden Veal. *Id.*

At some level below the Director's Level, prison staff screened out the September 2006 Form 602 as duplicative of Appeal 1843. *Id.*, Ex. 2 at 1. Plaintiff submitted the appeal to the Director's Level, which returned it to plaintiff because

> This office provides the Director's Level Review of inmate/parolee appeals. The form must be completed through the Second Level of Review on behalf of the warden or Parole Region Administrator. Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

*Id.*, Ex. 2 at 2.

According to plaintiff, he "gave the prison grievance process a chance to work" and it was "for the prison to decide whether to exercise its discretion," citing *Ngo v. Woodford,* 403 F.3d 620 (9th Cir. 2005). Plaintiff does not claim that he resubmitted the appeal to the lower levels to clarify that it concerned allegations unique from those raised in Appeal 1843 or otherwise sought further administrative review. Rather, plaintiff believes that, once prison staff screened out the appeal, he had completed the exhaustion process.

The law is not on plaintiff's side. The U.S. Supreme Court, in reversing the Ninth Circuit's holding in *Ngo*, held that the PLRA requires *proper* exhaustion of administrative remedies. *Woodford v. Ngo*, 548 U.S. at 93. Thus, administrative appeals which have been rejected because they failed to comply with applicable procedural rules will not be considered to have exhausted the claim. *Id.* at 93-103. Here, plaintiff's September 2006 appeal was rejected as duplicative of Appeal 1843 at the lower levels of review and rejected by the Director's Level

for not having properly traversed the lower levels prior to presentment at the Director's Level. The IAB instructed plaintiff to contact the Appeals Coordinator and comply with his or her instructions if he disagreed with the way his appeal had been processed, but plaintiff did not do so. As there is no dispute that plaintiff failed to comply with the proper procedures to obtain administrative review of his claim, he has not exhausted it and this Court must therefore dismiss it. *Id.*; *see also Brown v. Valoff*, 422 F.3d 926, 941-42 (9th Cir. 2005) (where response to appeal notes the possibility of further appeal and provides instructions on how to proceed, the administrative process has not been exhausted).

**III.    Timeliness**

As the Court has concluded that plaintiff's action must be dismissed for failure to exhaust administrative remedies, it need not presently address defendants' additional argument that the action is untimely.

**IV.    Conclusion**

In accordance with the above, it is hereby RECOMMENDED that:

1. Defendant's April 8, 2009 motion to dismiss be granted;

2. All outstanding motions be denied;

3. This case be dismissed without prejudice; and,

4. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

10

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: January 26, 2010.

　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE